**FILED**

MAY 2 8 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: 03 C 4433 |
| | ) | |
| vs. | ) | Judge Joan B. Gottschall |
| | ) | Magistrate Judge Soat Brown |
| JON BURGE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO:     See Attached Service List

        PLEASE TAKE NOTICE that on **June 3, 2004 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge Joan Gottschall in Room 1919 of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Motion for Protective Order**, a copy of which is attached hereto and is hereby served upon you.

DYKEMA GOSSETT ROOK PITTS PLLC

By: _____
One of Its Attorneys

Terrence M. Burns (ARDC No. 3122331)
Harry N. Arger (ARDC No. 6198806)
Paul A. Michalik (ARDC No. 6198674)
Daniel M. Noland (ARDC No. 6231175)
DYKEMA GOSSETT ROOKS PITTS PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

95

## PROOF OF SERVICE VIA U.S. MAIL

The undersigned, an attorney, verifies that he served true and complete copies of the foregoing to counsel of record by depositing the same in the United States Mail at 10 South Wacker Drive, Chicago, Illinois with, proper postage prepaid, on May 28, 2004.

]      Under penalties as provided by law
       pursuant to 735 ILCS 5/1-109, I
       certify that the statements set forth
       herein are true and correct.

- 2 -

SERVICE LIST
Patterson v. Burge
Court No. 03 C 4433

Michael E. Deutsch
G. Flint Taylor, Jr.
People's Law Offices
1180 North Milwaukee Avenue
Chicago, Illinois 60622
Phone: 773-235-0070
Fax: 773-235-6699

Standish E. Willis
Law Office of Standish E. Willis
407 South Dearborn Street
Suite 1395
Chicago, Illinois 60605
Phone: 312-554-0005
Fax: 312-554-1012

Demitrus Evans
621 Sheridan Avenue
Suite G
Evanston, Illinois 60202-4701
Phone: 847-733-9737

Richard T. Sikes, Jr.
Oran Fresno Whiting
Michael P. Kornak
Terrence J. Sheahan
Richard B. Levy
Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: 312-360-6000
Fax: 312-360-6596

Patrick T. Driscoll, Jr.
Louis R. Hegeman
Paul A. Castiglione
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Phone: 312-603-6461
Fax: 603-5735

- 3 -

Patricia Campbell Bobb
Patricia C. Bobb & Associates
833 West Jackson Blvd.
Suite 200
Chicago, Illinois 60607
Phone: 312-334-3122
Fax: 312-829-3367

Martin Peter Greene
Eileen M. Letts
Kevin Thomas Lee
Terry Miller
Greene & Letts
111 West Washington
Suite 1650
Chicago, Illinois 60602
Phone: 312-346-1100
Fax: 312-346-4571

FILED
MAY 28 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AARON PATTERSON,                    )
                                    )
            Plaintiff,              )
                                    )    Case No.  03 C 4433
    vs.                             )
                                    )    Judge  Joan B. Gottschall
JON BURGE, et al.,                  )    Magistrate Judge Geraldine Soat Brown
                                    )
            Defendants.             )
                                    )

## DEFENDANT CITY OF CHICAGO'S MOTION
## FOR ENTRY OF PROTECTIVE ORDER

Defendant, CITY OF CHICAGO ("City"), by its attorneys, Terrence M. Burns of

Dykema Gossett Rooks Pitts, moves this Honorable Court for the entry of a Protective Order

regarding police officers' personal and confidential information.  In support of this motion, the

City states as follows:

### INTRODUCTION

The above-captioned matter involves claims by plaintiff for alleged police misconduct.

Plaintiff has sued several individual police officers under 42  U.S.C. 1983 ("Section 1983") for

allegedly withholding exculpatory evidence and allegedly fabricating evidence which eventually

led to plaintiff's murder conviction in state court.  Plaintiff has also sued the City under §1983

for *Monell* policy and practice claims, alleging that the City's policies of failing to properly train,

assign, supervise, counsel, discipline or otherwise control its officers caused the alleged

*95*

misconduct against the plaintiff. Plaintiff also has asserted state law claims for false arrest and malicious prosecution.

Plaintiff has requested that the City produce the individual defendants' personnel files as well as any "Complaint Register" ("C.R.") files for the individual defendants, which are generated by the investigation of citizen complaints of alleged misconduct by members of the Chicago Police Department.[1] Plaintiff also has requested C.R. files for police officers that are not named as defendants.

The City, taking note that the requested personnel records and C.R. files contain sensitive information, believes there is significant potential for the infringement of the privacy interests of the police officers, complainants, victims and witnesses identified in the various C.R. files. For this reason, the City seeks a Protective Order that includes provisions concerning the designation, dissemination and use of such "confidential" information.

In the case of *Hobley v. City of Chicago, et al.*, No. 03 C 3678, the City has presented to Magistrate Judge Brown a proposed Protective Order (Exhibit A) for the same relief being sought herein. The plaintiffs in *Hobley* and in this case[2] allege police misconduct by officers from Area 2 of the Chicago Police Department in the mid-1980's. A number of plaintiffs' Rule 34 requests overlap or are similar in nature. For that reason, the City is making its responsive

---

[1] A Complaint Register file is opened by the Chicago Police Department's Office of Professional Standards ("O.P.S.") whenever a complaint against a Chicago police officer is received. All complaints against Police Department officers and employees are initially received and recorded by members of O.P.S. which retains and investigates those complaints (including those involved here) not forwarded to the Internal Affairs Division ("I.A.D") for investigation.

[2] *Hobley* and *Patterson* represent two of four substantially similar cases currently pending in the District Court. The other two are *Howard*, 03 C 8481, and *Orange*, 04 C 0168. The City's motion to consolidate these four cases for certain discovery is currently pending before Judge Aspen.

documents available to plaintiffs' counsel in both *Hobley* and *Patterson* at the same time. So as to avoid any disruption in that process, and in the interests of efficiency, the City presents this motion.

## I. STANDARDS APPLICABLE TO THE ENTRY OF A PROTECTIVE ORDER

Rule 26(c) of the Federal Rules of Civil Procedure governs the entry of protective orders. For entry of a protective order under Rule 26(c), three elements must be met: They are:

(1) a motion for entry of the protective order;

(2) certification that the movant has in good faith conferred or attempted to confer with other parties in an effort to resolve the dispute without court action; and

(3) good cause shown.

Fed. R. Civ. P. 26(c). Additionally, the court may make any order which justice requires to protect against annoyance, embarrassment, oppression or undue burden or expense. *Id.* City is now moving for a Protective Order under Rule 26(c). Upon information and belief, the City's prior attorneys initiated discussions with counsel for plaintiff and co-defendants regarding the entry of a protective order, but no such order has been entered. The City will pursue these discussions further in the hope that an accord can be reached with respect to the Protective Order without significant court involvement. In the interests of keeping the document production ongoing, this motion is brought before these discussions can be fully completed.

## II. GOOD CAUSE EXISTS TO ENTER PROTECTIVE ORDER REGARDING OFFICERS' CONFIDENTIAL INFORMATION

In this case, good cause exists to grant City's proposed Protective Order, which would also protect against undue annoyance and embarrassment. The information contained in a police officer's personnel and CR files is confidential in nature. Those files contain, among other

things, home address information, social security numbers, names of family members, medical information and insurance benefits. In *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990), a §1983 police excessive force case, a plaintiff sought documents similar to those at issue here.[3] In fashioning a protective order to govern discovery, the *Martinez* court recognized "the strong principles of privacy associated with these sensitive records," *Id.* at 684, and factored into its analysis "the privacy rights of individuals" concerning this information *Id.* at 681. The *Martinez* court found that the compelling privacy interests of the police officers justified limiting the discovery of police investigation and other files. *See also Sasu v. Yoshimura*, 147 F.R.D. 173, 175-76 (N.D. Ill. 1993) (holding police officer "personnel records and investigation files are confidential records that are entitled to protection").

Under the City's system, a C.R. file is opened and investigation begun whenever a citizen lodges a complaint against an officer. No type of proof is needed for an allegation of misconduct to be recorded and an investigation initiated. Even persons who have been subjected to reasonable seizures by the police may be tempted for many reasons, including revenge, to file a complaint against an arresting officer. See *Strauss v. City of Chicago*, 760 F.2d 765, 769 (7th Cir. 1985) ("People may file a complaint for many reasons, or for no reason at all."). Just as the existence of an arrest record is not indicative of guilt on a particular charge, the existence of a complaint register C.R. file does not establish misconduct. However, it may be unfairly construed in a manner prejudicial to the police officer. See *McLin by and through Harvey v. City of Chicago*, 133 F.R.D. 527, 529 (N.D. Ill. 1990) (finding good cause and granting protective

---

[3] In *Martinez*, the plaintiff sought production of documents relating to the internal investigation of the events at issue, documents referencing other citizen complaints against the defendant officers, and the individuals' personnel files.

order for police personnel and disciplinary files, in part because "it is possible that complaints reflected in the files are false or unjustified"). Thus, the existence of a C.R. – even with a finding of unfounded, not sustained or exonerated – can be highly misleading and subject to unfair imputations against a police officer's reputation.

Furthermore, the unlimited use or discovery of information contained in C.R. files could lead to a chilling effect that would hinder a police department's efforts to discipline its officers and frustrate the public interest. In *O'Leary v. Village of Elmhurst*, 1989 WL 18333 at 5-6 (N.D. Ill. 1989), the court held that police department members "must be able to rely upon their confidential records and notations being preserved for their internal use in all cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record-making." See also *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (unlimited discovery of police personnel and disciplinary reports and files "could reach well beyond the legitimate inquiries necessary to this litigation and would impact disciplinary procedures with the SAPD").

For these various reasons, this court should find that good cause exists to enter the proposed Protective Order as it relates to confidential materials regarding the defendant police officers.

## III. GOOD CAUSE EXISTS TO ENTER THE PROTECTIVE ORDER REGARDING IDENTIFICATION OF THIRD PARTIES

There also exists several reasons supporting a finding of good cause for the City's proposed protective order as it relates to identifying information from third-party complainants, victims and witnesses in the C.R. files.

### A.  The Privacy Interests of Those Affected are High

There is good cause to protect the identities of complainants, victims and witnesses in the C.R. files requested by plaintiff. The nature of the complaints made against police officers very often relate to situations associated with the complainants' criminal activity and consequently are highly sensitive to the private citizens involved. These files may contain information damaging to the reputations of those persons and infringe on their privacy interests.

Under the Illinois Freedom of Information Act, the privacy interest of complainants, victims and witnesses is recognized by exempting from production "information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies . . ." because such information is characterized as constituting "a clear unwarranted invasion of personal privacy." 5 ILCS 140/7(1)(b)(v).

Criminal histories and medical records that may be contained in Complaint Register files are also subject to protection in Illinois. The confidentiality of criminal history information is recognized under Illinois law. See 20 ILCS 2630/7, *et seq.*; see also §7(1)(d) of the Illinois Freedom of Information Act. The confidentiality of medical records also is recognized. See, e.g., ·410 ILCS 50/3(d).

The federal Freedom of Information Act similarly protects "personnel and medical files and similar files" (as well as "records or information compiled for law enforcement purposes") where their disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6), (7)(C).

The right not to have private information made public (or even shared with more persons than necessary) is an important aspect of the right of privacy; so too is the right to be "let alone."

The private citizens who make complaints or give witness statements are entitled to have their complaints and the nature of their involvement with the police remain confidential, and not to be faced with strangers who come to their door, write letters or make telephone calls revealing that they are in possession of privately provided information and want to discuss it again. As Judge Hart recognized in *Czajkowski v. City of Chicago*, 1992 WL 57945 at \*2 (N.D. Ill. Mar. 20, 1992), "these victims . . . have an interest in having their complaints remain confidential and not having their lives intruded upon by attorneys. While it is readily accepted that plaintiffs' counsel would be sensitive to the privacy concerns of the victims and would do their best to avoid distressing anyone who is interviewed, it is believed that, in many cases, such an effect is inevitable." See also *Krause v. Rhodes*, 671 F.2d 212, 217-19 (6th Cir. 1982), *cert. denied*, 459 U.S. 823 (1982) (affirming district court's protective order requiring "redaction of all names of witnesses supplying statements to protect their individual privacy rights"); *Sasu v. Yoshimura*, 147 F.R.D. 173, 175-76 (N.D. Ill. 1993) (protective order granted allowing the redaction of complainants' and witnesses' names).

People who complain to O.P.S. have an interest in the privacy and confidentiality of their complaints, many of which include facts or circumstances embarrassing to the complainants, victims or their families. Although no blanket assurance of confidentiality is made to these complainants, victims or witnesses, they frequently do inquire as to whether their information will be kept confidential. Whenever such an inquiry about the confidentiality of the complaint is made, the person is told by representatives of O.P.S. or I.A.D. that the complaint will be kept confidential to the extent possible.

Beyond the embarrassment that these specific individuals would suffer if their identities were disclosed and they were contacted in this case, the entire process of investigating and disciplining police officers could also be harmed. It is foreseeable that persons would be deterred from voluntarily making complaints and statements about police misconduct if they knew that the making of the complaint, or the giving of the statement, would result not only in being involved in that particular complaint but might also result in future contact by counsel in totally unrelated cases. Such a chilling effect would impede City's efforts to investigate possible instances of misconduct and to obtain sufficient evidence to determine whether that misconduct actually occurred. It is extremely important that persons not be deterred from reporting police misconduct so that the reports may be investigated and, where appropriate, the officers be disciplined, separated or criminally prosecuted. See *Farnsworth*, 758 F.2d at 1546-47 (Center for Disease Control contended that disclosure of personal information would inhibit future studies by causing the public to fear disclosure to CDC; "testimony in the record indicates that disclosure of names and addresses of these research participants could seriously damage this voluntary reporting").

## CONCLUSION

Plaintiff has requested personnel records and C.R. files. The City desires to protect the privacy interests of the officers, complainants, victims and witnesses who are identified in those files. The privacy interests of those persons are high; so too is City's interest in maintaining citizens' confidence in the process of bringing legitimate complaints against police officers to its attention. On the other hand, the plaintiff's need for unprotected information identifying these persons via wholesale access to the information in all or most of the C.R.'s produced is low.

Because good cause exists, City requests that this Court grant its Motion to Enter the

Protective Order attached as Exhibit A.

Respectfully submitted,

By: *Paul Michalik*

Terrence M. Burns (ARDC No. 3122331)
Harry N. Arger (ARDC No. 6198806)
Paul A. Michalik (ARDC No. 6198674)
Daniel M. Noland (ARDC No. 6231175)
Dykema Gossett Rooks Pitts PLLC
Attorneys for City of Chicago
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312)876-170

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AARON PATTERSON                           )
                                          )
              Plaintiff,                  )
                                          )
       vs.                                )
                                          )   Case No.  03 C 4433
JON BURGE,  et al.                        )   Judge  Joan B. Gottschall
                                          )   Magistrate Judge Geraldine Soat Brown
              Defendants.                 )
                                          )

### PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action, by and through their respective counsel, have represented to the court and the court finds:

A.     The parties anticipate the need for discovery involving the production and disclosure of documents, data and other materials and information, and the taking of testimony by oral deposition; and

B.     The parties recognize that some of the information that may be discovered in this litigation may contain sensitive information of a non-public nature which should not be generally available to the public.  The designation of information as "Confidential Matter" does not create any presumption for or against that treatment.

C.     Accordingly, the Court determines that the appropriate protective order includes the redaction of the police officers' personal and confidential information, and the court finding good cause for the entry of this protective order,

       IT IS ORDERED THAT:

1.     When used in this  Order, the word "document" or "documents" means all



EXHIBIT
_A_

written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including, but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and any portion of any court papers which quote from or summarize any of the foregoing.

2.     The word "party" or "parties" as used in this order means the parties to this action, their attorneys, and the attorneys' confidential staff.

3.     The word "counsel" as used in this order means the attorney or attorneys appearing for any party to this action; other attorneys of the firm or office with which those attorneys are associated; confidential employees of such attorneys (such as secretaries and paralegals); and independent contractors, such as investigators retained by counsel in connection with preparation for and trial of this litigation, but not including testifying or consulting experts.

4.     As used in this order, the term "discovering party" means the party obtaining any document or documents as described in paragraph 1; the term "responding party" or "producing party" means the party producing any document or documents as described in paragraph

5.     This order governs all discovery material related to this matter, including all copies, excerpts, or notes thereof, whether produced by the parties or by non-parties, or whether possessed by counsel previous to this litigation. All discovery material shall be used only for purposes of preparation for trial or trial of this cause and not for any other litigation or business purpose and shall be disclosed only in accordance with the terms of this order.

6.     All documents designated as Confidential Matter may be examined and otherwise used solely by counsel to this action, only for the purposes of this litigation, and for no other

2

purposes. Counsel in this action shall not disclose documents, and shall not disclose any information contained or reflected in the documents, designated as Confidential Matter except to the following persons:

     (a)    the parties to this litigation as may be needed to prosecute or defend this action;

     (b)    counsel for the parties to this litigation;

     (c)    experts retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

     (d)    deponents during the course of their depositions, to the extent reasonably necessary to obtain relevant information from the deponent, provided that to the extent that portions of the transcript of any deposition or the exhibits thereto incorporate the Confidential Matter, such transcript portions and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Matter;

     (e)    the court and court personnel, in camera, under seal, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from the court of the Confidential Matter.

     7.    Before disclosing Confidential Matter and/or any information contained or reflected in the Confidential Matter to any persons enumerated in paragraph 6(a) through (d) above, counsel in this action must first inform each such person that the documents and information containing Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. In addition, the disclosing counsel is responsible

for maintaining a written acknowledgement that the persons enumerated in paragraph 6(a) through (d) above, who receive confidential material, have been informed of the provisions of this protective order.

8.    Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others. Further, upon final termination of the above-entitled action, and upon a party's request, the original and all copies of all Confidential Matter, including those portions of deposition transcripts and the deposition exhibits containing Confidential Matter, shall be returned to the producing party's respective counsel within sixty (60) days.

9.    Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery any and all references to any individual police officer's personal and confidential information about himself and his family, including his social security number, home address and telephone number, the names of his family members and names of his insurance beneficiaries, but not including his insurance beneficiaries who are co-defendants or otherwise named in Defendants' Rule 26(a)(1) disclosure. This information is frequently neither relevant to nor likely to lead to discovery of admissible evidence in this cause. Where the discovering party believes that this information, as to a non-party police officer, is relevant in a particular case, that party shall make a separate and specific request for this information. Where a party believes that it is relevant as to a police officer who is a party to the case, such information should be requested in discovery from the police officer who is a party.

4

10. Despite the foregoing provision for redaction of police officers' home addresses from documents produced in discovery, counsel for defendants shall provide to counsel for the plaintiff, upon request, the home addresses of the defendants for the years 1980 through 1997 only. That information shall be provided in a separate letter from counsel for the defendants to counsel for the plaintiff. The letter and information contained therein shall be held confidential with access limited to counsel of record in this case and one investigator who has signed an affidavit acknowledging that the information is confidential, to be held in confidence and to be used solely for the purpose of preparing for this litigation. Further, the affidavit shall state that these restrictions are imposed by court order. Any information of documents generated through the use of the home addresses of the defendants shall be maintained "Confidential, Attorney's Eyes Only."

11. By this Protective Order, the discovering party does not waive its right to make application to the court, with at least seven days notice to the responding party and other parties to the litigation, for a determination that any Confidential Matter produced by responding party does not contain sensitive and confidential information, or that in the circumstances the information should be released from the provisions of this protective order. If disputes arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve these disputes pursuant to the applicable Rules of Civil Procedure. In addition, members of the public can challenge the secreting of particular documents pursuant to this protective order, or the sealing of certain

5

portions of the trial record, by way of application to the court with at least seven days notice to all parties to the litigation.

12.     The terms of this Protective Order are intended to affect and govern only that documentation and material exchanged during discovery in this litigation, and none of the provisions contained within this Protective Order operate as a waiver or modification of the protections afforded by statute or any other protective order entered in any other criminal or civil case. However, none of the provisions in this Protective Order shall be construed to create confidentiality for any documents which are already in the opposing party's possession without restrictions on confidentiality, even if the opposing party designates as "Confidential" its own copies of those same Documents.

13.     This Protective Order may be modified by further written stipulation signed by the undersigned attorneys and/or by further order of this court upon application to the court with notice.

14.     Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

15.     This Court retains jurisdiction to hear challenges to the confidentiality designation of information or documents, which are the subject of this Protective Order, as well as requests to modify any part of this protective order.

ENTERED:

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AARON PATTERSON               )
)
        Plaintiff,           )
)
    vs.                   )
)   Case No.  03 C 4433
JON BURGE, et al.         )   Judge  Joan B. Gottschall
)   Magistrate Judge Geraldine Soat Brown
        Defendants.     )
)

## AFFIDAVIT OF INFORMATION OF DISCLOSURE RESTRICTIONS

I, _____, being first duly sworn, state as follows:

1.    I have read and know the contents of the Protective Order dated _____, 2004 and filed in the above-entitled action on _____, 2004.

2.    I am one of the persons described in Paragraph 6(a)-(e) of the Protective Order, and I am executing this affidavit to satisfy the conditions provided in Paragraph 7 of the Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Protective Order.

3.    I expressly represent and agree that

    (a)    I have read and agree I shall be fully bound by the terms of the Protective Order;

    (b)    All such Confidential Matter disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not

7

disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Protective Order;

(c)    If I am entrusted with the possession of any copies of the Confidential Matter, I will take all reasonable precautions to avoid any inadvertent disclosure of the Confidential Matter and upon completion of the task for the purpose of which the disclosure is made I will return all copies of the Confidential Matter to the attorneys making the disclosure to me and either destroy or turn over to that counsel any notes or memoranda I have regarding the Confidential Matter;

(d)    I shall not disclose the contents or subject matter of any such Confidential Matter to anyone, other than in accordance with the Protective Order (including the requirement of obtaining an affidavit) at anytime hereafter.

4.    I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order.

Dated: _____, 2004        _____

Signed and Sworn to
Before me on this
\_\_\_ day of _____, 2004


_____
NOTARY PUBLIC

8