UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON PATTERSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 03 C 4433 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JON BURGE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Aaron Patterson ("Patterson") is a former death row inmate who spent thirteen years in prison following his conviction for the 1986 murders of Rafaela and Vincent Sanchez. On January 10, 2003, former Illinois Governor George Ryan ("Ryan") pardoned Patterson for the Sanchez murders, indicating that the pardon was based on his belief that Patterson is innocent. Shortly thereafter, Patterson filed this case against against a large number of defendants, seeking civil damages pursuant to a variety of legal theories that include claims under the United States Constitution and Illinois law. Patterson alleges that defendants, police officers at the "Area 2" headquarters of the Chicago Police Department ("CPD") and various other law enforcement officials, falsely arrested him, brutally tortured him until he admitted that he had committed the murders, and then covered up the fact that his confession was coerced. According to Patterson, he is innocent of the Sanchez murders but was prosecuted and convicted on the basis of his fabricated confession, false statements regarding his "confession" made by various defendants, and the coerced testimony of one other witness.

During discovery in this case, certain defendants sought to discover information relating

1

to Ryan's decision to pardon Patterson. This was necessary, they contended, because Patterson intends to introduce the pardon–including the fact that it was based on innocence–as substantive proof in support of his claims at trial. To this end, the defendants served a subpoena on the Illinois Prisoner Review Board ("PRB")–the administrative body responsible for reviewing all requests for executive clemency and making recommendations to the Governor of Illinois–seeking all documents related to Patterson's pardon request. The defendants also sought to depose Ryan and discover all documents in his possession related to Patterson's pardon. Both the PRB and Ryan moved to quash the defendants' subpoenas pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure. The PRB later agreed to produce the materials it relied on in making its recommendation as well as the actual report it issued to Ryan, but refused to disclose the "Findings and Recommendations" section of the report.

The motions to quash were considered by the magistrate judge to whom this case was referred for discovery supervision. Following extensive briefing, the magistrate judge denied both motions and ordered the PRB and Ryan to produce the requested discovery. *See Patterson v. Burge*, 452 F. Supp. 2d 947, 949 (N.D. Ill. 2006). The PRB and Ryan then filed objections to the magistrate judge's order with this court; the enforcement of the defendants' subpoenas was subsequently stayed pending this court's ruling on the objections.

The magistrate judge found that the information sought by the defendants was discoverable pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that discovery must be both relevant and non-privileged. *Id.* at 951. Her determination that the materials sought were relevant was based on her presumption that Patterson's pardon (and its basis) would be introduced as substantive evidence at trial; clearly, if Patterson were to attempt

2

to establish his innocence by proving that Ryan pardoned him based on the belief that Patterson is innocent of the Sanchez murders, then any weaknesses in Ryan's determination would be relevant to the defendants' rebuttal of that argument. *Id.* at 952-53, 955-56. As the magistrate judge noted, however, "decisions on the admissibility of evidence at trial are reserved for the trial judge." *Id.* at 953. When this court was confronted with the PRB's and Ryan's objections, it declined to rule on them without also considering the admissibility of Patterson's pardon. As the court stated, "The discoverability of the information that is the subject of the magistrate judge's order is tied to the question of whether and to what extent Governor Ryan's pardon decision will be admissible at trial." *Patterson v. Burge*, No. 03 C 4433 (N.D. Ill. Jan. 9, 2007) (minute order). Because the parties had not briefed this issue, the court afforded them the opportunity to do so. The court has considered the parties' submissions, and now rules that only the fact, and not the basis, of Ryan's decision to pardon Patterson is admissible.

Patterson contends that his pardon is a legally binding, unrebuttable ruling that he is innocent of the crimes for which he was convicted. He asks the court to find that he is innocent as a matter of law and prevent the defendants from introducing any evidence that would contradict his innocence or the validity of Ryan's decision. In essence, Patterson seeks to wield his pardon as both a sword and a shield by introducing the fact that Ryan pardoned him on the basis of innocence but preventing the defendants from challenging this determination. Such a result is not legally supportable.

Under the Illinois Constitution, the clemency power is exclusive to the executive branch of the Illinois government, and the Governor is empowered to grant pardons "on such terms as he thinks proper." *See* Ill. Const. art. V, § 12. The pardon power is "extremely broad," *People*

3

*v. Mata*, 842 N.E.2d 686, 690 (Ill. 2006), and a Governor's pardon decision is not reviewable. *See, e.g.*, *People ex rel. Madigan v. Snyder*, 804 N.E.2d 546, 560 (Ill. 2004) (stating that the Governor's pardon power is "essentially unreviewable"); *People v. Watson*, 807 N.E. 2d 628, 633 (Ill. App. Ct. 2004) (overruled on other grounds by *Mata*, 842 N.E.2d at 695) (noting the Governor's wide discretion to issue pardons). A Governor may therefore issue a pardon for essentially any reason he sees fit, and his decision is not required to meet any legal standard. *See, e.g., Mata*, 842 N.E.2d at 690-91 ("The clemency power . . . can be controlled only by the Governor's conscience and sense of public duty.").

Patterson is correct that a Governor's pardon decision cannot be directly challenged. But the defendants do not seek judicial review of Patterson's pardon. Rather, they seek to prevent Patterson from using Ryan's belief that Patterson is innocent of the Sanchez murders as affirmative evidence in his attempt to recover civil damages from them, or, if he is allowed to do so, to present evidence to rebut Ryan's belief. There is a vast difference between a suit in which a pardon is directly challenged and a suit in which a plaintiff asks the court to declare, based on a pardon, that his innocence is a judicially established fact for purposes of determining the defendants' civil liability. Because Ryan's decision is unreviewable and requires no justification, his reasons for pardoning Patterson amount to nothing more than one person's opinion (albeit the opinion of the Governor) that Patterson is innocent. While Illinois law gives Ryan's opinion considerable legal effect–the pardon legally exonerated Patterson and required his release from custody–Illinois law cannot require this court to find that Ryan's opinion is unrebuttable evidence of Patterson's innocence in a civil suit. Ryan's opinion is just that–his opinion–and while it may be relevant to his decision to pardon Patterson, it is not relevant to the

4

question that must be resolved here: whether the defendants violated Patterson's civil rights. This is not to say that Patterson's innocence is not relevant: it may affect the damages he can recover and may buttress his claim that his confession was the result of undue police pressure or torture. But Ryan's decision itself is only relevant for its legal effect of exonerating Patterson. If Patterson wishes to establish his innocence, he is going to have to do it the old-fashioned way–with evidence.

Even if Ryan's opinion were relevant to this suit, Patterson's position would be legally problematic. The discovery and admission at trial of evidence concerning Ryan's pardon decision would make this case a trial of the justification for Ryan's decision and a distraction from the substantive issues the jury must resolve. The only alternative is–as Patterson requests–to prevent the defendants from rebutting Ryan's decision, which would be an extraordinarily prejudicial outcome. Yet, were the court to allow the discovery defendants seek, the ultimate result of that decision would be to substantially burden the Governor's pardon power, in contravention of the clear intent of Illinois law. Governors could be required to explain in court, in suits brought by pardoned persons, why and how they reached the decisions they did. It can be assumed that Governors, like all public officials, would be reluctant to use the pardon power freely if litigants could force them to explain and justify their decisions. In granting the Governor the broad pardon power Illinois law gives him, it is impossible that the founders of the Illinois Constitution anticipated that the Governor could be compelled to justify his use of the power by private parties in civil litigation. In summary, neither result is equitable: either this case would devolve into litigation over the propriety of Ryan's decision, thus undermining the pardon power of the Illinois executive, or the defendants would be subjected to

nearly automatic civil liability. The court cannot accept either alternative over such irrelevant evidence.

In conclusion, Patterson may not rely on Ryan's opinion to prove his innocence at trial. This ruling is based on the court's finding that Ryan's opinion is not relevant to the issues in this case and the court's belief that the admission of Ryan's opinion would ultimately destroy the pardon power of the Illinois Governor (unless, of course, defendants were prevented from challenging it, a result that would likely dictate the outcome of this case). Accordingly, only the fact, and not the basis, of Ryan's decision to pardon Patterson will be admissible at trial. Because the basis of Ryan's decision will not be part of the evidence presented to the jury, the discovery sought by the defendants is likewise irrelevant and unlikely to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). The court therefore grants the PRB's and Ryan's objections and rejects the magistrate judge's ruling on their respective motions to strike pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

SIGNED:

/s/
Joan B. Gottschall
United States District Judge

Date: May 17, 2007