**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AARON PATTERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 03 C 4433** |
| **v.** | ) | |
| | ) | **Judge Joan B. Gottschall** |
| **JON BURGE, et al.,** | ) | |
| | ) | **Magistrate Judge Geraldine Soat Brown** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, United States Magistrate Judge

Before the court is Defendant Richard A. Devine's Emergency Motion for a Protective Order.
[Dkt 572.] For the reasons set out herein, the motion is granted in part and denied in part.

**BACKGROUND**

Understanding the pending motion requires some background. This is actually defendant
Richard Devine's second emergency motion for a protective order. Devine filed his first emergency
motion for protective order in December 2006, after plaintiff Aaron Patterson filed on the public
record disclosures pursuant to Fed. R. Civ. P. 26(a)(1) that Patterson had been ordered to make to
supplement his previous Rule 26(a)(1) disclosures. (Def. Richard Devine's Emergency Mot.
Protective Order.) [Dkt 563.] Devine's first emergency motion argued that portions of Patterson's
supplemental disclosures (the "November 2006 Disclosures") were false and were filed publicly in
order to harass and embarrass Devine and others. (*Id.* at 2.) Because filing discovery is expressly
prohibited by Local Rule 26.3 of this District, Patterson's November 2006 Disclosures were ordered

removed from the public file. (Order, Dec. 6, 2006.) [Dkt 565.]

The present motion seeks a much broader protective order. Devine's proposed protective order would limit the parties' public discussion of specific paragraphs and lines of Patterson's November 2006 Disclosures, and restrict dissemination of transcripts and videotapes of future depositions, as well as transcripts and videotapes of Devine's previously-taken deposition. (Richard A. Devine's Suppl. Mem. Supp. Mot. for Protective Order, Ex. A at 2-4.) [Dkt 675.][1] It would also require that any filing in this case or the cases consolidated with it for discovery that "referenc[es] or disclos[es] in any manner the subject matter or contents of the Subject Disclosures" be under seal, and that transcripts of future depositions and Devine's deposition be held under seal. (*Id*.)[2]

Patterson's November 2006 Disclosures are his description of information and testimony Patterson believes various putative witnesses could provide. The "Subject Disclosures" to which the proposed protective order would apply are specific paragraphs and lines of those November

---

[1] Specifically, Devine's proposed order would provide, *inter alia*:

(a) No Party shall represent in any way to the public, including without limitation, verbally, in writing or by posting on the internet, including without limitation, to any member of the media, that the Subject Disclosures are part of the record in any of the Consolidated Cases, or that any of the information contained therein was revealed through, or is in any way a part of the litigation of any of the Consolidated Cases. . . .

(b) The transcripts and videotapes of future depositions in the Consolidated Cases, and Mr. Devine's depositions of September 27, 2006, and November 14, 2006, and the contents therein, shall be treated as confidential and shall not be disseminated in any form to any Non-Party.

(Richard A. Devine's Suppl. Mem. Supp. Mot. for Protective Order, Ex. A at 3-4.)

[2] This case was consolidated for discovery with *Hobley v. Burge*, 03 C 3678, *Howard v. City of Chicago*, 03 C 8481, and *Orange v. Burge*, 04 C 168.

2006 Disclosures that, in essence, set out Patterson's belief that he is and has been the object of an ongoing conspiracy involving a large number of state, county, local and police officials. The relevance of some of the statements to the present case is far from clear.

It must be remembered, however, that the Subject Disclosures are not evidence of anything. They are merely Patterson's statement of what *he* believes about the witnesses. That is one of the reasons why discovery responses are not to be filed on the public record and why the November 2006 Disclosures were stricken from the record.

Patterson objects to the proposed protective order, arguing that the order is far too broad and that Devine and other public officials are subject to a higher level of public scrutiny. (Pl.'s Suppl. Mem. Supp. Pl.'s Objections at 2, 6.) Patterson proposes an alternative protective order that would govern "any public filing testimony or discussion" of: (a) his current federal criminal investigation, charges and conviction; (b) items currently subject to a protective order; and (c) information about a potential witness' or defendant's personal life "that has no relation to the substantive claims and issues in this case." (*Id.* Ex. A.)

**ANALYSIS**

Federal Rule of Civil Procedure 26(c) allows the court to issue a protective order "for good cause shown . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

1.      Proposed limitations on filing and discussion of the Subject Disclosures.

A protective order was entered previously in this case and the other consolidated cases to

govern the use of certain information obtained in discovery. (Protective Order, March 30, 2005.) [Dkt 245.] Notably, the protective orders sought by both Devine and Patterson in this case would go beyond the subjects of that Protective Order and impose limitations on public discussion of certain topics. Neither party has shown a need for such a step. The proposed protective orders would also require that filings discussing certain topics be held under seal. The Seventh Circuit has repeatedly emphasized that courts must exercise caution in deciding to seal judicial records and weigh the need for secrecy against the competing interests on a case by case basis. *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (collecting cases, and observing that discovery materials, in contrast, are "private documents").

Devine is concerned that Patterson or his counsel will represent in filings in this case that Patterson's claims about the witnesses listed in the Subject Disclosures are established facts. In the proceedings before this court on both the present motion and Devine's earlier emergency motion, Devine's counsel suggested an underlying concern that Patterson's motives here are less about prevailing in the underlying lawsuit than waging a publicity campaign about his political agenda. In defendant Devine's view, Patterson's public filing of the November 2006 Disclosures confirms that concern. Patterson's memorandum in opposition to the motion, which argues that the public has a substantial interest in knowing "of the perversion of justice and corruption of said agents and public officials" (Pl.'s Suppl. Mem. at 1-2), does not alleviate Devine's concern.

At this point, however, this court concludes that other means, including the Federal Rules of Civil Procedure and the Rules of Professional Conduct of the Northern District of Illinois, as well as the inherent authority of the court, are sufficient to police any abuse of the judicial process without the need for an additional protective order of the proposed scope.

Fed. R. Civ. P. 11(b) provides, in part:

By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) *it is not being presented for any improper purpose, such as to harass* or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) *the allegations and other factual contentions have evidentiary support* or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

(Emphasis added.) Sanctions may be imposed on a party, its attorney, or both for violation of the rule. Fed. R. Civ. P. 11(c).

The Rules of Professional Conduct governing attorneys practicing in the Northern District of Illinois provide, *inter alia*, that "[i]n representation of a client, a lawyer shall not: . . . assert a position, . . . or take other action on behalf of the client when the lawyer knows or reasonably should know that such action would serve merely to harass or maliciously injure another." N.D. Ill. Local Rules of Professional Conduct 83.51.2. An attorney who knows or reasonably should know that the client is causing actions to be taken merely to harass or maliciously harm another must withdraw from the representation. L.R. 83.51.16(a)(1). Furthermore, an attorney is prohibited from intentionally degrading a witness or other person by stating or alluding to personal facts concerning that person which are not relevant to the case. L.R. 83.53.3(9).

L.R. 83.53.6 deals directly with "Trial Publicity," and prohibits a lawyer from making an extrajudicial statement the lawyer knows or reasonably should know is likely to be disseminated

by public media and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding. That rule also sets out the type of statements that generally may and may not be stated publicly. *Id.*

Any attorney who multiplies proceedings "unreasonably and vexatiously" may be required to pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927. In addition, the court's inherent authority to control the proceedings before it includes the authority to sanction parties and counsel. *Methode Elec., Inc. v. Adam Tech., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991)).

That is not an exhaustive list of the measures available to prevent and punish improper conduct. Rather than enter the proposed protective order, this court reminds the parties and counsel in the firmest terms: Civil litigation in federal court, including discovery, is intended to secure "the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. It is not to be conducted for an improper purpose, such as to harass or embarrass anyone. This court has and will enter sanctions if necessary and appropriate.

Accordingly, Devine's motion for a protective order regarding public discussion of the Subject Disclosures is denied. To the extent that the information relating to the Subject Disclosures is governed by the Protective Order entered in this case on March 30, 2005, that Order stands and is not affected by this decision in any way.

Patterson's alternative proposed protective order is rejected. Patterson seeks a limitation on filings and discussion of his federal criminal conviction, but his conviction is a matter of public record. If information about his criminal conviction is relevant to the present claims or defenses,

it may be part of the case; if it is not relevant, there is no reason for it to be part of this lawsuit. To the extent that Patterson's proposed order requests protection of matters currently subject to a protective order, it is unnecessary. To the extent that it seeks protection for personal information "that has no relation to the substantive claims and issues in this case" it is also unnecessary. As discussed above, the public disclosure of such information is prohibited by existing rules.

2.      Proposed limitation on dissemination of deposition transcripts.

The Protective Order previously entered in this case provides that, to the extent that portions of deposition transcripts incorporate "Confidential Matter" (as defined in that Order), the transcript portions shall be subject to the terms of the Protective Order. (Protective Order ¶ 8(d).) Those terms included filing any Confidential Matter submitted to the court under seal or *in camera*. (*Id.* at 8(e).) It is not clear from the parties' submissions on the present motion which portions of Devine's deposition are subject to the existing Protective Order and which are not. Thus, it is difficult to determine whether portions of Devine's deposition not covered by that Protective Order should be held under seal if they were required to be submitted to the court in connection with a motion or other filing. On the other hand, defendant Devine has a non-frivolous concern about the public dissemination of deposition transcripts, especially videotapes, in a context other than as part of a filing in this case. As noted above, the Seventh Circuit has stated that discovery materials are ordinarily "private." *Jessup*, 277 F.3d at 928. Patterson has not explained under what circumstances Devine's deposition transcript and videotape would be publically disseminated other than as evidence in this case. Accordingly, Devine's motion for a protective order is granted as to the videotaped and stenographic transcripts of his deposition on September 27, 2006 and November

12, 2006, but only as follows: Those transcripts and videotapes will be held by counsel of record in this case and the consolidated cases, and shall not disseminated to anyone other than counsel of record in this case and the consolidated cases without at least ten business days' advance written notice to Devine's counsel, to allow Devine's counsel to seek a court order precluding such dissemination. "Dissemination" means release of any portion to the public or media, including but not limited to, posting on the internet.

Devine also requests a protective order governing videotaped and stenographic transcripts of "all future depositions" in the consolidated cases. That request is too broad and is premature. To the extent that such depositions will incorporate "Confidential Matter" defined by the previously-entered Protective Order, they are already protected. Any further protection must be dealt with based on the circumstances relating to that deposition. Thus, that request is denied without prejudice to a future motion.

**CONCLUSION**

For the reasons set out herein, Defendant Richard Devine's Emergency Motion for a Protective Order is granted in part and denied in part, as set out above. The motion is granted as follows: The videotaped and stenographic transcripts of Richard Devine's deposition on September 27, 2006 and November 12, 2006 will be held by counsel of record in this case and the consolidated cases, and shall not be disseminated to anyone other than counsel of record in this case and the consolidated cases without at least ten business days' advance written notice to Devine's counsel, to allow Devine's counsel to seek a court order precluding such dissemination. "Dissemination" means release of any portion to the public or media, including but not limited to, posting on the

internet.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

July 24, 2007