UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 03 C 4433 |
| | ) |
| v. | ) Judge Joan B. Gottschall |
| | ) Magistrate Judge Geraldine Soat Brown |
| JON BURGE et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Richard A. Devine ("Devine"), State's Attorney of Cook County, and former Assistant State's Attorney Peter Troy ("Troy") have moved to have the court determine the sufficiency of plaintiff Aaron Patterson's ("Patterson") responses to Devine and Troy's requests to admit, and to have the requests deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(6).[1] For the reasons set forth below, the court grants in part Devine and Troy's motion and deems admitted Requests Nos. 4, 5, 6, 7, 18, 21, 27, 31, 32, 37, and 38. The court denies Devine and Troy's motion with respect to Requests Nos. 1, 2, and 3 and deems those responses denied by Patterson.

### I. BACKGROUND

On May 29, 2007, Devine and Troy sent their first set of Requests to Admit to Patterson. On June 30, 2007, Patterson served his responses to Devine and Troy's Request to Admit. Devine and Troy argue that Patterson's responses to Requests Nos. 1-7, 18, 21, 31, 32, 37, and 38 (the "Requests") are insufficient under Rule 36.

---

[1] In their brief, Devine and Troy state that their motion is brought "pursuant to Fed. R. Civ. P. 36(c)." There is no such Federal Rule of Civil Procedure. The court presumes that Devine and Troy actually mean Federal Rule of Civil Procedure 36(a)(6) and will interpret their motion in light of that and the other relevant subsections of Rule 36.

On July 11, 2007, in a letter to Patterson's attorney, Carl Barry ("Barry"), Devine and Troy called attention to what they perceived as deficiencies in Patterson's answers to the Requests. In a subsequent telephone call, Barry indicated that amended responses would be provided shortly. On August 24, 2007, Troy and Devine left a follow-up telephone message with Barry, indicating that the amended responses had not yet been received and inquiring as to when they might be expected. Barry replied via a telephone message, allegedly informing Troy and Devine that he would "work it out regarding amending the responses" and invoking the court's stay order of August 29, 2007.[2]

On October 2, 2007, Devine and Troy again wrote to Barry, requesting that, in light of the expiration of the 30-day stay order, Patterson's amended responses be transmitted to them within 14 days. On October 15, 2007, Troy and Devine again called Barry to inquire as to when the requested amended responses would be forthcoming. In that call, Devine and Troy indicated that, in view of their lack of success in obtaining amended answers to the Requests, they would have no alternative but to file a motion asking the court to deem the Requests admitted. In response, Barry sent an email to Devine and Troy on October 17, 2007, indicating that at the time he was then on trial, but that he would submit the amended responses "as soon as possible." Devine and Troy responded on October 24, 2007, indicating that, in light of Barry's representations in his latest email, they would temporarily forego filing their motion.

On November 14, 2007, Devine and Troy again emailed Barry, inquiring as to when the amended responses would be provided. That email went unanswered. On November 28, 2007, Devine and Troy called Barry and were referred to his partner,

---

[2] On August 29, 2007, Magistrate Judge Brown granted Patterson's agreed motion for a 30-day continuance of all motions and discovery matters in this case.

2

Adam Loewy ("Loewy"), whom Barry said was handling the matter at that time. Mr. Loewy allegedly stated the he was unable to say when, if ever, the amended answers would be forthcoming and stated further that he believed the original answers were sufficient.

In response, Devine and Troy filed the instant motion on November 20, 2007. On January 18, 2008, Magistrate Judge Brown set a briefing schedule for the motion, ordering Patterson to respond by February 1, 2008 and setting a hearing date of February 13, 2008. No responsive brief was filed by Patterson or his attorneys by the required date. On February 7, 2008 this court ordered that the referral to Magistrate Judge Brown be withdrawn, requiring that the instant motion (and all other matters) be noticed for hearing before the court. The hearing date before Magistrate Judge Brown was consequently stricken on February 13, 2007.

Devine and Troy renewed their motion before this court on March 17, 2008 and, on March 20, 2008, the court again set a briefing schedule on the motion, ordering Patterson to respond by May 21, 2008 and Devine and Troy to respond by June 11, 2008. Neither party has submitted briefs in response to that order and the court consequently considers the matter fully briefed.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 36(a)(3), a request to admit the truth of any matter relating to the present action is deemed admitted, unless the party to whom the request is directed serves on the requesting party a written answer or objection, signed by the responding party or his attorney, within 30 days. Fed. R. Civ. P. 36(a)(3). Moreover, if the responding party refuses to admit the matter in question, his answer must

3

specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. *Id.* The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. *Id.* Finally, the grounds for objecting to a request must be stated. Fed. R. Civ. P. 36(a)(5). A party must not object solely on the ground that the request presents a genuine issue for trial. *Id.* On finding that an answer does not comply with Rule 36, the court may order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6); *see also Avante Int'l. Technology, Inc. v. Hart Intercivic, Inc.*, Civil No. 07-169-DRH, 2008 WL 2074093, at *1 (S.D. Ill. May 14, 2008).

**A. Request Nos. 1-7.**

Requests Nos. 1-7 comprise the following Requests to Admit:

1. Richard A. Devine left his position as an employee of the Cook County State's Attorney's Office and entered into the private practice of law in September 1983.

2. Richard A. Devine was not employed by the Cook County State's Attorney's Office at the time of your arrest on April 20, 1986, for the murders of Rafaela and Vincent Sanchez.

3. Richard A. Devine was not employed by the Cook County State's Attorney's Office at the time you were charged with the murders of Rafaela and Vincent Sanchez in May of 1986.

4. Richard A. Devine was not employed by the Cook County State's Attorney's Office during your jury trial for the murders of Rafaela and Vincent Sanchez in September 1989.

5. Richard A. Devine was not employed by the Cook County State's Attorney's Office at the time a Cook County jury found you guilty of the murders of Rafaela and Vincent Sanchez in September 1989.

6. Richard A. Devine was not employed by the Cook County State's Attorney's Office when you were sentenced to death in October of 1989 for the murders of Rafaela and Vincent Sanchez.

7. Richard A. Devine was not employed by the Cook County State's Attorney's Office when the Illinois Supreme Court upheld your conviction for the murders of Rafaela and Vincent Sanchez in December of 1992.

Patterson's response to each of these questions is identical, *viz.*:

> Plaintiff admits that Richard A. Devine left his position as the First Assistant State's Attorney of Cook County in 1983, and that from 1988 to 1997 Richard A. Devine was in private practice. Otherwise, denied.

Devine and Troy's Requests Nos. 1-7 are relatively straightforward Requests based on facts. However, although Patterson admits that Devine left his position as the First Assistant State's Attorney of Cook County in 1983, and that Devine was in private practice from 1988 to 1997, Patterson does not address Devine's professional employment between 1983 and 1988. The final two-word sentence, therefore, implicitly denies that Devine left the Cook County State's Attorney's Office during that interval.[3] Fed R. Civ. P 36(a)(4) states that "[i]f a matter is not admitted, the answer must specifically deny it. Although Patterson does not explicitly deny that Devine left the Cook County State's Attorney's Office between 1983 and 1988, Patterson does deny those parts of the Request not admitted ("Otherwise, denied"). Although rather inferential, not to say barely adequate, that is nevertheless sufficient denial for the court

---

[3] Logically construed, Patterson's answer admits that Devine left the specific position as First Assistant State's Attorney but denies that Devine was not employed by the Cook County State's Attorney's Office (presumably in some other capacity) until 1988, when he entered private practice.

to understand that the portions of the Requests that address Devine's professional employment between 1983 and 1988 are denied by Patterson.

Therefore, Requests 1 through 3 are deemed denied by Patterson, since they address Devine's employment between 1983 and 1986. Requests 4 through 7 are deemed admitted by Patterson, since they deal with events occurring after the time at which Patterson admits that Devine was in private practice (and by inference no longer working with the Cook County State's Attorney's Office).

**B. Request No. 21.**

Request No. 21 comprises the following Request to Admit:

21. Richard A. Devine was not the Cook County State's Attorney or employed by the Office of the Cook County State's Attorney at the time the Goldston Report was prepared.

To which Patterson responds with his stock answer:

Plaintiff admits that Richard A. Devine left his position as the First Assistant State's Attorney of Cook County in 1983, and that from 1988 to 1997 Richard A. Devine was in private practice. Otherwise, denied.

Patterson's answer here is unresponsive. Patterson's Third Amended Complaint alleges in ¶¶ 56 and 59 that the Goldston report was prepared in 1990 and disseminated to the public in 1992, during the interval during which Devine was admittedly in private practice. Request No. 21 is therefore deemed admitted.

**C. Request No. 18, 27, 31, 32, 37, and 38.**

Requests Nos. 18, 27, 31, 32, 37, and 38 read as follows:

18. You do not know the identity of any person who claims to have been present, or was in fact present, at any alleged meeting between Richard A. Devine and Jon Burge or any other Area 2 defendant officers, wherein they purportedly discussed torture at Area 2.

6

27. During Andrew Wilson's 1998 jury trial for the murder of Chicago Police Officers Fahey and O'Brien, the State did not use or rely upon any confession or statement by Andrew Wilson.

31. Assistant State's Attorney Peter Troy was not an employed (sic) by the Cook County State's Attorney's Office in February of 1982.

32. Assistant State's Attorney Peter Troy was not involved in the charging or prosecution of Andrew Wilson for the murder of Chicago Police Officers Fahey and O'Brien.

37. You do not know the identity of any person who claims to have been present, or was in fact present, at any alleged meeting between Richard A. Devine and Peter Troy or any of the other defendants herein (Burge, Byrne, Pienta, Marley, Pedersen, McWeeny, Madigan, Danzi, Martin, Shines, Hillard, Needham, or Daley), wherein they purportedly discussed or agreed to falsely imprison, maliciously prosecute; (sic) intentionally inflict severe emotional distress upon, or otherwise deprive Aaron Patterson of his Constitutional rights, as alleged in paragraphs 71, 72, 75, 78, 92, 94 and 98 of your Third Amended Complaint.

38. You do not know the identity of any person who claims to have telephone calls (sic) between Richard A. Devine and Peter Troy or any of the other defendants herein (Burge, Byrne, Pienta, Marley, Pedersen, McWeeny, Madigan, Danzi, Martin, Shines, Hillard, Needham, or Daley), wherein they purportedly discussed or agreed to falsely imprison, maliciously prosecute; (sic) intentionally inflict severe emotional distress upon, or otherwise deprive Aaron Patterson of his Constitutional rights, as alleged in paragraphs 71, 72, 75, 78, 92, 94 and 98 of your Third Amended Complaint.

Patterson responds to all of these Requests with the same answer, *viz*.: "Do not have enough information at this time to admit or deny."

Under Rule 36(a)(4), an answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4). If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. *Id.*; *see also Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 5:06-CV-02389-DDD, 2008 WL 2323777, at *1 (N.D. Ohio June 4, 2008).

Patterson's bland assertion of lack of knowledge does not meet the required specificity of Rule 36(a)(4) with respect to why he cannot truthfully admit or deny the Requests. Moreover, these Requests were submitted at the conclusion of nearly three years of extensive discovery. And yet, with respect to Requests Nos. 18, 37, and 38, Patterson is unable to confirm whether he knows or does not know. His response to these three Requests is absurd. Although events may have possibly occurred in this case outside of both Patterson's knowledge and the extensive scope of discovery, the Requests do not, in fact, address whether or not such events *actually* occurred. Rather, they address whether Patterson has any knowledge of these events. Patterson either knows or does not know, and his response is therefore manifestly deficient under Rule 36(a)(4).

Likewise with respects to Requests 27, 31, and 32. Patterson fails to specify why, after three years of discovery, he cannot admit or deny the Requests. The requests are simple questions of fact that either fell within the ambit of discovery and/or Patterson's own knowledge or did not. The court cannot accept responses that are so deficient to a straightforward Request to Admit, particularly given the strictures of Rule 36(a)(4) and the long procedural history of this case.

Under other circumstances, the court might be content to order Patterson to file proper responses that address the Requests in a manner compliant with Rule 36(a)(4). *See Old Reliable*, 2008 WL 2323777, at *3 (ordering in part proper responses in place of those that apparently ignored discovery). However, the circumstances in this instance are particularly egregious. Patterson's attorneys procrastinated and stalled, failing to return amended responses for the better part of a year, despite numerous requests from Devine

and Troy. They also flouted the briefing schedules set by both Magistrate Judge Brown and this court, ignoring court orders to submit briefs in response to this motion.

At the same time, the court is mindful of the fact that there is presently a great deal of settlement money in dispute among the various attorneys who have represented Patterson, and that those counsel, among whom are prominently included Barry and Loewy, are zealously and energetically attempting to assert their rights to those funds as fees for their services. The court admonishes Barry and Loewy and reminds them that their duty as attorneys extends past their own private interests in this case.[4] In the meantime, the court deems as admitted Requests Nos. 18, 27, 31, 32, 37, and 38.

### III. CONCLUSION

For the reasons set forth above, the court grants in part Devine and Troy's motion and deems as admitted Requests Nos. 4, 5, 6, 7, 18, 21 27, 31, 32, 37, and 38. The court denies Devine and Troy's motion with respect to Requests Nos. 1, 2, and 3 and deems those responses as being denied.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 29, 2008

---

[4] Since November 30, 2007, when the instant motion was first filed before Magistrate Judge Brown, Barry and Loewy have filed 18 (excluding notices of presentment) fee-related motions, responses, replies, and sur-replies.